Filed 5/13/22  P. v. Lockett CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>TRAMEL SYLVESTER LOCKETT,<br><br>        Defendant and Appellant. | B313308<br><br>(Los Angeles County<br>Super. Ct. No. BA474653) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Gustavo N. Sztraicher, Judge.  Reversed and remanded.

        Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Tramel Sylvester Lockett appeals from an order denying his post-sentencing motion to modify restitution, Penal Code section 1202.4, subdivision (f)(1).[1] He contends that intervening events since the restitution amount was originally set show that a reduction in the award is necessary to align it with the victim's actual losses. We, and the People, agree. We reverse and remand for further proceedings.

## BACKGROUND

In January 2019, Defendant drove a used 2012 Bentley automobile off the sales lot of Phillips Auto without permission. The vehicle was recovered six days later. Defendant pleaded no contest to driving a vehicle without consent. (Veh. Code, § 10851, subd. (a).) In February 2019, the trial court sentenced him to a prison term and further ordered him to pay restitution to Phillips Auto in the amount of $27,450. Of this amount, $2,450 was stipulated as actual damages to the vehicle. The remaining $25,000 was the trial court's estimate of lost value based on testimony from a Phillips Auto employee that the vehicle had to be reported as stolen to CARFAX, which would reduce the value of the vehicle by 25 to 30 percent. At the time of the original restitution hearing, Defendant was under the impression that the vehicle had not been sold, as it was listed on the Phillips Auto website for $99,960.

Defendant appealed both his sentence and the restitution order. In an unpublished decision, *People v. Lockett* (Dec. 18, 2020, B296211 [nonpub. opn.]), we remanded with instructions to modify the sentence but found no abuse of discretion in fixing the amount of the restitution award.

---

[1] Undesignated statutory references herein are to the Penal Code.

2

In June 2021, Defendant moved the trial court to modify the restitution order based on new facts, namely that the vehicle sold on February 20, 2019[2] for $103,375[3]—more than its advertised price—without any report of the theft having been made to CARFAX. The trial court denied the motion on the basis that it had already decided the matter and this court had affirmed, apparently accepting the prosecution's assertion that law of the case doctrine barred further review.

This timely appeal followed.

## DISCUSSION

We have jurisdiction to consider Defendant's appeal of the post-judgment restitution order pursuant to section 1237, subdivision (b). (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 680, fn. 5.) As both parties agree, we review a trial court's restitution order for abuse of discretion. (*People v. Giordano*

---

[2]    We do not have before us the transcript of the February 2019 restitution hearing. However, we note that it was scheduled for February 21, 2019, and counsel for the Appellant represents that it occurred on that date. This is the day *after* DMV records show that the vehicle was sold. If this timeline is correct, it is unfortunate that the representative for Phillips Auto failed to notify the trial court at the restitution hearing that the vehicle had been sold without any report of theft having been made to CARFAX. We acknowledge Defendant's request that we take judicial notice of the record in the prior proceeding, including the transcript of the initial restitution hearing. Because it is unnecessary to our disposition of the matter, we deny Defendant's request.

[3]    While this is the amount recited in Defendant's trial motion, supporting DMV documents variously show the sale price as this price or the advertised sale price of $99,980.

3

(2007) 42 Cal.4th 644, 663.)  "When . . . a trial court's decision reflects an unawareness or misunderstanding of the full scope of its discretion, the court has not properly exercised its discretion under the law."  (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 530.)

Such is the case here.  The trial court incorrectly concluded that our affirmance of its original restitution order precluded it from considering Defendant's motion to modify the order.  Section 1202.4, subdivision (f)(1), provides that a court may modify the amount of restitution ordered on the motion of any interested party.  This authority permits a trial court to modify a restitution order when presented with changed circumstances.  (See, e.g., *People v. Jennings* (2005) 128 Cal.App.4th 42, 58-59 [interpreting § 1202.4, subd. (f)(1) to permit a defendant to seek a reduction in the victim restitution order to account for payments by his insurer to the victim in settlement of a civil action].)  When this court affirmed the trial court's original calculation of the restitution award, it placed no limit on the trial court's and interested parties' statutory authority to revisit the proper amount of restitution pursuant to section 1202.4, subdivision (f)(1).

Notably, the law of the case doctrine invoked by the prosecution and which the trial court apparently found controlling "governs only the *principles of law* laid down by an appellate court, as applicable to a retrial of fact, and it controls the outcome on retrial only to the extent the evidence is substantially the same."  (*People v. Boyer* (2006) 38 Cal.4th 412, 442, superseded by statute on another ground.)  Here, the trial court was presented with new evidence that the basis for the claimed loss—theft reporting to CARFAX consequent to

4

Defendant's actions—never materialized.  The theft was never reported to CARFAX; hence the loss that the victim's representative testified would stem from that reporting could not have occurred.

While it would be most expeditious for us to strike the component of the loss based on the false CARFAX reporting premise, remand is most appropriate under the circumstances. (See *F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 16 ["If the record affirmatively shows the trial court misunderstood the proper scope of its discretion, remand to the trial court is required to permit that court to exercise *informed* discretion with awareness of the full scope of its discretion and applicable law"].)  The parties are free to stipulate to a new restitution amount if there is no dispute about the calculation.

We therefore remand to the trial court to modify the restitution amount to " 'a dollar amount that is sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct' " (§ 1202.4, subd. (f)(3)), and which does not "provide the victim with a windfall."  (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)

## DISPOSITION

The restitution order of the trial court is reversed.

We remand for further proceedings in accordance with this order.


HARUTUNIAN, J.*

We concur:


STRATTON, Acting P. J.


WILEY, J.

---

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6